## JOHN STROTHER v. JESSE CYMES.

[Abstract Kentucky Law Reporter, Vol. 5—58, as Strother v. Cyrus.]

**Statute of Limitation.**

> Where one placed his son-in-law in possession of land, the son-in-law sets up a claim to the land as a gift under parol, the father-in-law sues for the land, to which the statute of limitations is pleaded, and it appears from the evidence that the donee looked to the donor for title and had sought to procure title from him, and continued to try to procure such title up to a year before the suit was brought, the transaction was nothing more than an unexecuted gift; and so long as the donee looks to the donor for title, the holding is not adverse and the statute of limitations will not run and is no defense.

### APPEAL FROM BOYD CIRCUIT COURT.

May 19, 1883.

OPINION BY JUDGE HARGIS:

Jesse Cymes placed his son-in-law, John Strother, in possession of about two hundred acres of land in the year 1858. Strother never built any house on it but cleared up a good deal of it, cut saw logs and hoop poles, and peeled tan bark on it, and cultivated the tillable portion and used the products. In 1868 Cymes placed a son in possession of a part of the boundary and in lieu thereof added another parcel to the boundary of the son-in-law. He paid the taxes on the land and listed it as his own, with the son-in-law's consent, until 1878. The son-in-law paid him from $60 to $120 of the taxes but nothing more. The taxes were about $20 per annum. The improvements were equivalent to the rents.

The appellant's son-in-law set up claim to the land as his own under a parol gift and the statute of limitations, which he pleaded to an action brought by the appellee father-in-law for the land. It appears from the evidence that the appellant looked to the appellee for title, and on one occasion besought one of his friends to procure it from the appellee. That the appellant looked to appellee for title up to within a year or so before the institution of the suit is clear. The transaction was nothing more than an unexecuted gift. The rule applicable to this state of fact is that so long as the donee

or vendee looks to the donor or vendor for title, the holding must be considered to be amicable and the statute of limitations unavailable as a defense or bar to recovery on equitable principles. *Gossom v. Donaldson,* 18 B. Mon. (Ky.) 230, 68 Am. Dec. 723; *Moore v. Webb,* 2 B. Mon. (Ky.) 282; *Chiles v. Dedman,* 3 A. K. Marsh. (Ky.) 463.

As there was no writing evidencing the alleged gift which invested the appellant with title, and as the proof is insufficient to establish a sale, and if it did, there being no writing to evidence it, the gift was revocable and the sale, if it be one, within the statute of frauds and perjuries, and the appellant without legal support for title to the land, but entitled to pay for improvements and his outlay for taxes, subject to an account for rents. The proof showing that the appellant's improvements and payments of taxes were not greater than the rents, and having no legal title or right to the land, he failed to show himself entitled to any relief either in law or equity except to the extent of relief from payment of rents, which was in effect accorded to him.

Wherefore the judgment is *affirmed.*

*Hampton & Moore,* for appellant.

*K. F. Prichard,* for appellee.